# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| ADLIFE MARKETING & COM-MUNICATIONS COMPANY, INC., a Rhode Island corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:17-cv-01418-MMM-JEH |
| v. | ) ) | |
| MULTI-AD SOLUTIONS, LLC, a Delaware limited liability company; YELLOW PAGES INTEGRATED MEDIA ASSOCIATION; a Delaware Corporation; KRASDALE FOODS, INC, a Delaware Corporation; ALPHA ONE MARKETING GROUP INC., a Delaware corporation; and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS KRASDALE AND ALPHA 1'S
## MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS THE COMPLAINT

Kenneth P. Norwick
NORWICK & SCHAD
110 East 59th Street
New York, NY  10022
Telephone: (212) 751-4440
Facsimile: (212) 604-9997
E-Mail: ken@norwickschad.com

Donald M. Craven (ARDC #6180492)
DONALD M. CRAVEN, P.C.
1005 North Seventh Street
Springfield, IL 62702
Telephone: 217/544-1777
Facsimile: 217/544-0713
E-Mail: don@cravenlawoffice.com

*Attorneys for Defendants Krasdale Foods, Inc. and
    Alpha 1 Marketing Corp.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

THE RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

      Krasdale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

      Alpha 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

The Applicable Law: Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

The Applicable Law: Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Application of the Law to the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Venue and Tort Jurisdiction Over Alpha1 . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Venue and "Transaction of Business" Jurisdiction Over Alpha 1 . . . . . . . . . . . . . . . .   9

Constitutional Considerations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

The Law: Transfer of Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

 CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

# TABLE OF AUTHORITIES

Cases

Clark v. Law Office of Terrence Kennedy, Jr., 2017 U.S. App.
    LEXIS 18245, at *5, 2017 WL 4176285 (7th Cir. September 21, 2017) . . . . .   10-11

Coffey v. Van Dorn Iron Works, 798 F.2d 217, 219 (7th Cir. 1986) . . . . . . . . . . . .   15

Hanson v. Ahmed, 382 Ill.App.3d 941, 889 N.E.2d 740
    (App. Court, First District 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Keller v. Henderson, 359 Ill.App.3d 605, 834 N.E.2d 930
    (App. Ct., Second District 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11-12

Kraft Chemical Company v. Salicyclates and Chemicals Private
Limited, 149 F.Supp.3d 897, 898 (N.D.Ill. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . .   8n

Royal Sleep Products, Inc. v. Restonic Corp., et al., 2009 U.S.
    Dist Lexis 8740, 2009 WL 303352 (N.D.Ill. 2009) . . . . . . . . . . . . . . . . . . . . . .   12-13

Triune Star, Inc. v. Walt Disney Co., 2008 U.S.Dist. LEXIS 62305,
    2008 WL 3849913 (C.D.Il. 2008) (Mihm, J.) . . . . . . . . . . . . . . . . . . . . . . . . . .   7, 9

Zep, Inc. v. First Aid Corp., 2010 U.S.Dist. LEXIS 26798,
    2010 WL 1195094 (N.D.Ill. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Statutes

United States Copyright Act, 17 U.S.C. §106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

United States Copyright Act, 17 U.S.C. §501(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

United States Copyright Act, 17 U.S.C. §507(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

28 U.S.C. §§1391(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

28 U.S.C. §1391(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

28 U.S.C. §1400(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

735 ILCS 5/2-209 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| ADLIFE MARKETING & COM-<br>MUNICATIONS COMPANY, INC.,<br>a Rhode Island corporation, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| | ) | No. 1:17-cv-01418-MMM-JEH |
| v. | )<br>) | |
| MULTI-AD SOLUTIONS, LLC, a<br>Delaware limited liability company;<br>YELLOW PAGES INTEGRATED MEDIA<br>ASSOCIATION; a Delaware Corporation;<br>KRASDALE FOODS, INC, a Delaware<br>Corporation; ALPHA ONE MARKETING<br>GROUP INC., a Delaware corporation; and<br>DOES 1-100, inclusive, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**DEFENDANTS KRASDALE AND ALPHA 1'S
MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT**

Defendants Krasdale Foods, Inc. ("Krasdale") and Alpha 1 Marketing Corp. ("Alpha 1"; misnamed in the Complaint) (together "Defendants") -- both Delaware corporations based in New York with no jurisdictional ties to Illinois -- respectfully submit this Memorandum of Law in support of their motion to dismiss this action as against them for lack of jurisdiction over them [FRCP 12(b)(2)] and improper venue [FRCP 12(b) (3)] and, if the Court has the power to do so, for a change of venue to the Southern District of New York [18 U.S.C. 1404(a)]. The facts relevant to this motion are set forth in the Declaration of Howard Jacobs submitted herewith ("Jacobs Dec.").

The Complaint asserts only one cause of action against Defendants -- for "Copyright Infringement," a tort. Section 501(a) of the Copyright Act provides, in pertinent part: "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be." Section 106 of the Act provides, in pertinent part: "Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . .; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . .; (5) in the case of . . . pictorial . . . works, . . . to display the copyrighted work publicly . . . ."

Thus, a breach of a license, even if established, is not an infringement, which tort is explicitly limited to the specified violations of the rights delineated in Section 106 of the Copyright Act. Here the Complaint does not even hint that Defendants violated any of those exclusive rights <u>in or to the State of Illinois</u>. Further, in any event, the Complaint does not allege any claims against Defendants for breach of contract or any other tort other than copyright infringement. As a result, venue and jurisdiction over the Defendants in this case can only be based on the Complaint's allegations of copyright infringement -- violation of a §106 exclusive right -- <u>in Illinois</u>, and nothing else.

## THE RELEVANT FACTS

As stated in the Complaint, Krasdale is a "one of the premier grocery distributors in the New York Metropolitan area and provides services beyond that region." (Comp., ¶19). Also as stated in the Complaint, Alpha 1 "is a full-service merchandising and advertising firm dedicated

to providing services to grocery stores." (Comp., ¶21). In fact, Alpha 1 only provides such services to stores that purchase groceries from Krasdale. (Jacobs Dec., ¶9). Krasdale and Alpha 1 have common ownership but, contrary to false allegations in the Complaint, neither is a subsidiary of the other and neither has any corporate power over or responsibility for the conduct of the other. (Jacobs Dec., ¶2).

Krasdale

As established in the Jacobs Declaration (at ¶3), and contrary to false statements throughout the Complaint, within at least the past ten years Krasdale has never a) done business in Illinois; b) maintained an office or a mailing address in Illinois; c) had an agent based in Illinois; d) had any employees based in Illinois; e) had any clients or customers based in Illinois; f) maintained a bank (or other financial) account with an Illinois entity; g) owned or leased real estate in Illinois; h) transmitted or distributed anything into Illinois; or i) done anything in Illinois that has been alleged to be tortious or that would qualify as tortious.

Further, as is also established in the Jacobs Declaration (¶¶ 4-5), and contrary to false statements throughout the Complaint, there is absolutely no basis – none – for plaintiff's claim that this Court has jurisdiction over Krasdale for anything even arguably related to the allegations in the Complaint. Moreover, at least in the past ten years, Krasdale has not done any business with plaintiff either, which in any event is a Rhode Island entity with no base in Illinois.

Alpha 1

As is also established in the Jacobs Declaration (at ¶¶7-10), with one limited exception, to be discussed more fully below, and contrary to false statements throughout the Complaint, within at least the past ten years Alpha 1 has never a) done business in Illinois; b) maintained an office

3

or mailing address in Illinois; c) had an agent based in Illinois; d) had any employees based in Illinois; e) had any clients or customers based in Illinois; f) maintained a bank (or other financial) account with an Illinois entity; g) owned or leased real estate in Illinois; h) transmitted or distributed anything into Illinois; or i) done anything in Illinois that has been alleged to be tortious or that would qualify as tortious.

The sole exception to the sweep of the previous paragraph is that in 2007 Alpha 1 (but not Krasdale) entered into a licensing agreement with MultiAd Solutions, LLC ("MultiAd") ("the 2007 Agreement"), an Illinois entity – but not with plaintiff – which agreement was terminated in March 2016, a full year-and-a-half before this action was commenced. (A copy of the 2007 Agreement is attached to the Jacobs Declaration as Exhibit "A.") At least in the past ten years, Alpha 1 has not done business with plaintiff either, which in any event is a Rhode Island entity with no base in Illinois. However, plaintiff has persistently solicited business from Alpha 1 -- specifically, plaintiff has sought to provide printing services to Alpha 1 in connection with its marketing services (to be discussed further below) -- and is thus fully familiar with the specific nature and extent of those marketing services. (Alpha 1 declined plaintiff's requests for a business relationship with it and has had its printing services provided by others.)

Alpha 1 is in the business of providing marketing and related services, including circulars, to a group of retail grocery stores for use in the stores and online. More specifically, Alpha 1 only provides those services to stores that purchase groceries from Krasdale, and thus Alpha 1's client-base is limited to that closely-defined and self-limited group of stores. The stores within that single group of stores constitute the entirety of Alpha 1's recipients of the marketing materials that are created and provided to them by Alpha 1.

4

The 2007 Agreement between Alpha 1 and MultiAd granted to Alpha 1 the non-exclusive license to use for those purposes photos that were included in MultiAd's library of food images. The provenance of those photos is not mentioned in the 2007 Agreement, and for all Alpha 1 knew those photos were obtained from numerous different sources including as a result of Multi-Ad's own creation of them.  Plaintiff is not mentioned anywhere in the 2007 Agreement and as far as Alpha 1 knew plaintiff was and is a complete stranger to it.  As far as Alpha 1 is concerned it was licensing photos from MultiAd -- and only MultiAd.

Notwithstanding that it was not a party to -- was a complete stranger to -- the 2007 Agreement, plaintiff bases its entire assertion of venue and jurisdiction (against both Defendants) on an alleged breach of the long-since terminated Agreement between Alpha 1 and MultiAd.  But even if there were such a breach, which there wasn't, that would have no bearing whatever on anything that happened after the Agreement's termination in March 2016.  More importantly, any such breach would do absolutely nothing to establish any copyright infringement in or to the State of Illinois, the necessary sine qua non for jurisdiction over Alpha 1 in this Court in this case.  Even more importantly, at most any such breach would be a possible rebuttal by plaintiff to a hypothetical defense asserted by the alleged infringer of a license that obviated some of the claims of infringement.  And, of course, it is well established that complaints (in the words of the Seventh Circuit) "should not" anticipate defenses, which means a fortiori that jurisdiction cannot be based on an assertion that "should not" be made in the Complaint.

The Applicable Law: Venue

The Complaint asserts that "venue is proper in this District under 28 U.S.C. §§1391(b) and (c) and U.S.C. §1400(a)." (Comp., ¶3).  Not so.

5

Section 1391(b) provides as follows:

> A civil action may be brought in--
>
> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. [1]

Section 1391(c) provides:

> Residency.  For all venue purposes--
>
> (1)  a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
>
> (2)  an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and
>
> (3)  a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

Section 1400(a) provides:

---

[1] Insofar as Krasdale is concerned, it is indisputable that none of those provisions applies: (1) it does not reside in Illinois; (2) it had no involvement in any "events or omissions giving rise to" plaintiff's (only) claim of copyright infringement; and (3) there is clearly "a district in which an action may otherwise be brought," namely the Southern District of New York.

6

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found.

The Applicable Law: Jurisdiction

The applicable law governing the jurisdiction issue in this case starts with 735 ILCS 5/2-209. As here relevant, that statute provides for jurisdiction "as to any cause of action arising from the doing of any of such acts: (1) The transaction of any business within this State [or] (2) the commission of a tortious act within this State." And then, constitutional requirements must be satisfied. As this Court put it, "A court must consider whether the assertion of jurisdiction over a nonresident defendant would comport with 'traditional notions of fair play and substantial justice.'" Triune Star, Inc. v. Walt Disney Co., 2008 U.S.Dist. LEXIS 62305 at *5, 2008 WL 3849913 (C.D.Il. 2008) (Mihm, J.) (dismissing action for lack of patent infringement jurisdiction).

Application of the Law to the Facts

Because it is conceded in the Complaint that neither Defendant is a resident of Illinois, and because it is beyond dispute that neither Defendant conducts business in Illinois on a continuous basis, we will not further discuss those factors here.[2] Similarly, because it is also beyond dispute that there is not a shred of factual support for the Complaint's assertion of venue and

---

[2] The law in the Seventh Circuit governing "general jurisdiction" has been succinctly summarized as follows: "The Seventh Circuit has repeatedly iterated that the 'threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence.' [Citations omitted] ("[T]he standard for finding general jurisdiction is very high and requires a showing that the nonresident defendant carried on systemic business activity in Illinois 'not casually or occasionally, but with a fair measure of permanence and continuity'"). Kraft Chemical Company v. Salicyclates and Chemicals Private Limited, 149 F.Supp.3d 897, 898 (N.D.Ill. 2015).

7

jurisdiction insofar as Krasdale is concerned, we will not further discuss here the inclusion of that defendant in this case.

Venue and Tort Jurisdiction Over Alpha 1

For these purposes, we will treat venue and tort jurisdiction in one discussion, because the only way venue could be proper here would be if the Court had personal jurisdiction over Alpha 1.

To establish longarm tort jurisdiction over a non-resident defendant in Illinois, the governing statute allows jurisdiction "as to any cause of action arising from . . . <u>the commission of a tortious act within this State</u>" (emphasis added). But here, the Complaint is conspicuously and deliberately devoid of any allegation that Alpha 1 committed copyright infringement -- or any tort -- "within the State of Illinois." We know that omission was deliberate and not inadvertent because, just a few months before plaintiff commenced this action, it commenced a very similar copyright suit against a (different) New York entity – in the Eastern District of New York! The complaint in that action affirmatively alleged:

> This Court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the State of New York, and because Defendant's principal place of business lies within the State of New York.

That complaint is Exhibit "B" to the Jacobs Declaration. That complaint establishes at least the following: 1) Plaintiff is well aware of the requirements for tort jurisdiction in a copyright case; 2) plaintiff is fully aware that a federal court in New York is an entirely appropriate venue for a copyright infringement case against a New York entity (like Alpha 1); and 3) plaintiff is entirely comfortable bringing such an action in a New York federal court.

8

Because it is undisputed that Alpha 1 never committed a tortious act in Illinois, and that plaintiff does not allege otherwise, it is simply not possible to find tort jurisdiction over Alpha 1 in this case. (That is the underlying rationale for this Court's denial of patent jurisdiction in <u>Triune</u>, <u>supra</u>.)   As a result, both venue and tort jurisdiction over Alpha 1 in this case is improper and impossible.

<u>Venue and "Transaction of Business" Jurisdiction Over Alpha 1</u>

The governing Illinois longarm statute also allows jurisdiction over a non-resident as follows: "as to any cause of action <u>arising from</u> . . . the transaction of any business within this State."  (emphasis added).

Here, plaintiff apparently would have this Court believe that the 2007 Agreement between MultiAd and Alpha 1 (but not Krasdale) constitutes the requisite "transaction of business." That notion is manifestly baseless as a matter of fact and demonstrably contrary to the directly applicable law.

First, as the Complaint acknowledges, the 2007 Agreement was terminated in March 2016, a full year-and-a-half before this action was commenced. Because the statute of limitations for copyright infringement actions is three years (17 U.S.C. §507(b)), at least half of this suit (at least chronologically) is explicitly addressed to alleged infringements that have no connection whatever to the 2007 Agreement. Put another way, because of that termination Alpha 1 could not (assuming it wanted to) assert that Agreement as any kind of a defense for all alleged infringements since March 2016. Thus, at a minimum, it seems indisputable that there is no possible "arising from the transaction of business" jurisdiction over Alpha 1 for at least half of the infringement case plaintiff alleges against it.

9

Even more important, the purported justification for "arising from the transaction of business" jurisdiction over Alpha 1 in this case is legally specious.  In this connection, it must be remembered that plaintiff alleges that Alpha 1 without authority copied and disseminated photos of which plaintiff claims to be the copyright owner.  And if it so testifies, without more, it will establish its prima face case, which Alpha 1 would then have to refute with whatever defenses it can muster, including presumably the defense of "license."

But it is crucial to recognize that the Seventh Circuit, just a few weeks ago, firmly reiterated that complaints "should not" anticipate defenses.   As the Court put it:

> A complaint states a claim "whether or not some defense is potentially available," *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 688 (7th Cir. 2004)* . . .  and <u>plaintiffs need not, and should not, attempt to plead in anticipation of defenses</u>, *Gomez v. Toledo, 446 U.S. 635, 640- 41, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980)* (holding that defendant bears burden of pleading defenses); *Davis v. Ind. State Police, 541 F.3d 760, \763 (7th Cir. 2008)*.

<u>Clark v. Law Office of Terrence Kennedy, Jr.</u>, 2017 U.S. App. LEXIS 18245, at *5, 2017 WL 4176285 (7th Cir. September 21, 2017) (emphasis added).

So, if Alpha 1 does not – or cannot – assert any such defense, plaintiff will prevail based on its own testimony on non-authorization.  The 2007 Agreement is simply no part of the plaintiff's case but is at most a (partial) defense that might (or might not) be asserted by Alpha 1 to refute (some of) plaintiff's affirmative claims of infringement.  And, because complaints "should not" anticipate defenses, this necessarily means that the anticipation of defenses cannot manufacture a basis for personal jurisdiction where it does not otherwise exist.

Further, it is also clear that the alleged infringements – the alleged violations of the plaintiff's claimed "exclusive rights" -- simply do not "arise from" the 2007 Agreement.  Instead, according to the Complaint, that Agreement <u>licensed</u> the use of plaintiff's claimed photos -- and

10

it concededly did not authorize any alleged breach of that Agreement or any uses of those photos that were not licensed by it. If Alpha 1 does not invoke that Agreement in its defense, any such alleged breach plays no role in this case.

The courts are clear and consistent on this issue. For example, in <u>Keller v. Henderson</u>, 359 Ill.App.3d 605, 834 N.E.2d 930 (App. Ct., Second District 2005), the Court conducted an extensive survey of the applicable (federal) law and then concluded:

> The Seventh Circuit held that, unless a forum state has general jurisdiction over a defendant, a defendant's contacts must be related to the cause of action being asserted so that "individuals and corporations must be able to conduct inter-state business confident that transactions in one context will not come back to haunt them unexpectedly in another." *RAR, Inc., 107 F.3d at 1277*. <u>Thus, the court held that the cause of action must *directly* arise out of the defendant's specific contacts with the forum state.</u> *RAR, Inc., 107 F.3d at 1278*.
>
> Recently this court stated, citing *RAR, Inc.* with approval, that the cause of action must "directly arise out of the contacts between the defendant and the forum." [Citation omitted]; We continue to adhere to the holding of the Seventh Circuit that the general consideration is whether the cause of action "directly arises out of" the defendant's contacts with the forum state. . . .
>
> As we mentioned above, [for unintentional torts, like copyright infringement], the contacts with the forum state meet both a "cause in fact" and "legal cause" test. <u>More specifically, "cause in fact" refers to whether the injury would not have occurred "but for" the defendant's forum activities.</u> [Citation omitted] <u>"Legal cause" refers to whether the defendant's forum conduct "gave birth to" the cause of action</u>. [Citation omitted] . <u>Foreseeability is the central focus in applying the "arising out of or related to" test in this context</u>. [Citation omitted] We believe that this test is appropriate as it correctly considers the interest of the forum state while protecting the defendant's due process rights by providing jurisdiction only over causes of action *directly* arising out of or related to the defendant's contacts. Furthermore, this test sets forth a more concrete and workable standard for the attorneys and trial courts to apply.

359 Ill.App.3d 605 at 616-17 (emphasis added, except that emphasis on the word "directly" is by the Court.)

11

Here, of course, any even arguable infringement by Alpha 1 resulted from concededly not-occurring-in-Illinois alleged breaches of the 2007 Agreement, which alleged breaches were quite obviously not authorized by the (Illinois-made) Agreement and not foreseeable in it. Thus, under the test quoted directly above, in no way did the 2007 Agreement "give birth" to the (alleged) breaches of them and in no way would those (not-in-Illinois) alleged breaches have occurred "but for" the Agreement. Instead, if anything, those alleged (not-in-Illinois) breaches occurred in spite of the Agreement and in violation of it.

Also dispositive is the N.D.Ill. decision in Royal Sleep Products, Inc. v. Restonic Corp., et al., 2009 U.S. Dist Lexis 8740, 2009 WL 303352 (N.D.Ill. 2009). There, as here, the plaintiff attempted to bootstrap jurisdiction over a non-resident by invocation of an agreement to which it was not a party, and there as here that agreement contained a choice-of-law provision. The Court would have none of it, and rejected the plaintiff's claim of jurisdiction. The Court declared, in part:

> [N]umerous cases hold that a choice-of-law clause in an agreement does not by itself establish personal jurisdiction even over parties to the agreement. [Citation omitted] . . . Plaintiff has not alleged a breach of Continental Silverline's Sublicense with RMC [here, the 2007 Agreement] and would lack. standing to do so. Defendants' conduct is simply too far removed from Plaintiff's causes of action for Defendants to have reasonably anticipated being haled into federal court in Illinois. . . .
>
> The court [in a cases relied on by plaintiff there] was willing to exercise personal jurisdiction because the defendant knew it was dealing with an Illinois business and because the allegedly tortious acts were based on defendant's phone conversations with the Illinois company. Here, in contrast, Continental Silverline and Robins's phone and mail contact with RMC are extraneous to Plaintiff's claims, and Plaintiff itself is not located here.

2009 U.S.Dist. LEXIS at *23 (emphasis added). See also, Zep, Inc. v. First Aid Corp., 2010 U.S.Dist. LEXIS 26798, 2010 WL 1195094 (N.D.Ill. 2010) (rejecting claim of jurisdiction based

12

on a forum-selection clause.)

Constitutional Considerations

Because there is simply no statutory or caselaw basis for jurisdiction over Defendants, it would seem that consideration of the requisite constitutional limits on jurisdiction is not necessary. But, just in case, we will (only) quote directly from the Illinois Appellate Court's opinion in Hanson v. Ahmed, 382 Ill.App.3d 941, 889 N.E.2d 740 (App. Court, First District 2008):

> A nonresident defendant must have "'fair warning'" that its activities may subject it to suit in the forum state. [Citation omitted] . The "fair warning" requirement will be satisfied where the defendant purposefully directs its activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. [Citation omitted] <u>The focus must be on the defendant's conduct, and '[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.'</u> [Citation omitted]. This focus is necessary to assure that a nonresident will not be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, [citations] or of the 'unilateral activity of another party or a third person,' [citation]." [Citation omitted] <u>Thus, a court must determine whether (1) the nonresident defendant has sufficient minimum contacts with the forum state, (2) the cause of action arises from these contacts, and (3) it is reasonable to require the defendant to litigate in the forum state.</u> [Citation omitted]

Id. at 382 Ill.App.3d at 944 (emphasis added).

The Law: Transfer of Venue

Although we can't see how, if venue and jurisdiction over Defendants in this District is found to exist, then Defendants' motion pursuant to 18 U.S.C. 1404(a) for a change of venue of plaintiff's claims against them to the Southern District of New York should be granted.

The applicable law was authoritatively set forth by the Seventh Circuit as follows:

A federal district court, in which a suit is filed with proper venue, may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). . . .

In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case. [Footnote: Although in considering a motion for transfer, the trial judge is limited to the three factors specifically mentioned in §1404(a), viz. the convenience of the parties, the convenience of the witnesses, and the interest of justice, [citations omitted] . . . these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case. [Citations omitted] . Although not relevant to the disposition of the instant appeal, it should be noted that the language of §1404(a) does not indicate the relative weight to be accorded each factor.  End of footnote.]

§1404(a) requires "individualized, case-by-case consideration of convenience and fairness").  The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge.  [Citations omitted]. The movant . . . has the burden of establishing,  by reference to particular circumstances, that the transferee forum is clearly more convenient. [Citations omitted].   Less of a showing of inconvenience is needed for a §1404(a) transfer than that for a forum non conveniens dismissal. [Citations omitted].

Coffey v. Van Dorn Iron Works, 798 F.2d 217, 219 (7th Cir. 1986).

Here, every conceivable 1404(a) factor favors the requested transfer.  Neither plaintiff nor the Defendants are residents of Illinois – plaintiff is based in Rhode Island and the Defendants in New York.  Neither plaintiff nor Defendants have any of their own witnesses based in Illinois.  This venue would manifestly be far more inconvenient for both parties than the Southern District of New York.  In fact, plaintiff itself has already commenced very similar copyright infringement litigation directly in the Eastern District of New York.   Illinois has zero interest in the resolution of this copyright infringement case between a Rhode Island company and New York companies, especially where concededly no infringements occurred in the State.

14

**CONCLUSION**

For all of the foregoing reasons, Defendants'.motions should be granted in their entirety, together with an appropriate award of sanctions and attorneys' fees.

Dated: October 27, 2017

                Respectfully submitted,

        By: s/ Kenneth P. Norwick
                Kenneth P. Norwick
        NORWICK & SCHAD
        110 East 59th Street
        New York, NY 10022
        Telephone: (212) 751-4440
        Facsimile: (212) 604-9997
        E-Mail: ken@norwickschad.com

        Donald M. Craven (ARDC #6180492)
        DONALD M. CRAVEN, P.C.
        1005 North Seventh Street
        Springfield, IL 62702
        Telephone: 217/544-1777
        Facsimile: 217/544-0713
        E-Mail: don@cravenlawoffice.com

*Attorneys for Defendants Krasdale Foods, Inc. and Alpha 1 Marketing Corp.*