IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COM-MUNICATIONS COMPANY, INC., a Rhode Island corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | No. 1:17-cv-01418-MMM-JEH ) ) |
| MULTI-AD SOLUTIONS, LLC, a Delaware limited liability company; YELLOW PAGES INTEGRATED MEDIA ASSOCIATION; a Delaware Corporation; KRASDALE FOODS, INC, a Delaware Corporation; ALPHA ONE MARKETING GROUP INC., a Delaware corporation; and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is now before the Court on Plaintiff Adlife Marketing and Communications Company, Inc.'s ("Plaintiff' or "Adlife") Motion to Dismiss Defendant Yellow Pages Integrated Media Association's ("LSA") Counterclaim (ECF No. 26). For reasons stated herein, the Motion is DENIED.

## Background

On September 14, 2017, Plaintiff filed a Complaint against Defendants Multi-Ad Solutions, LLC, LSA, Krasdale Foods, Inc., and Alpha One Marketing Group, Inc. (ECF No. 1). In response to the Complaint, Defendant LSA filed an Answer (ECF No. 20) and a Counterclaim. (ECF No. 21). The Counterclaim is for 1) breach of contract and 2) tortious interference. (ECF No. 21). On November 21, 2017, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim. (ECF No. 30). According to the Counterclaim, on May 13, 2016, LSA entered into an Asset Purchase Agreement

1

("APA") with MA AdBuilder, LLC. (ECF No. 21). Pursuant to the APA, LSA became the assignee of a contract between Adlife and Multi-Ad, where Multi-Ad agreed to licensee photographs from Adlife for a royalty fee. (ECF No. 21). LSA claims that Adlife breached the Adlife- Multi-Ad contract when Adlife contacted LSA's customers about copyright infringement. (ECF No. 21). Adlife sent fellow Defendants Krasdale Foods, Inc., and Alpha One Marketing Group, Inc. cease and desist letters. (ECF No. 30). LSA also claims that when Adlife contacted LSA's customers, Adlife attempted to sell them their product intentionally interfering with LSA's contract. (ECF No. 21). Adlife's Motion to Dismiss argues that the cease and desist letter it sent to LSA's customers are protected under the Citizen Participation Act ("CPA"). The Defendant responded on December 5, 2017, making the issue fully briefed and leaving way for the decision that follows.

## Standard of Review

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012).

This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 554-55).

## Discussion

The CPA is Illinois' version of an anti- SLAPP or Strategic Lawsuits Against Public Participation. (735 ILCS 110/1). The purpose of the act is "to strike a balance between the rights of persons to file lawsuits for injury and the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government." (735 ILCS 110/5) The CPA "applies to any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." (735 ILCS 110/15).

The Court finds that the CPA is not applicable to this Counterclaim. The cease and desist letters are in no way "acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government" as required for this statute to be applicable. (735 ILCS 110/15). Adlife was sending letters demanding that businesses stop using their pictures because of alleged violations of their copyright not to participate in government. The

3

Tenth Circuit, sitting *en banc*, held that "a letter from one private to another private party simply does not implicate the right to petition, regardless of what the letter threatens." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 208 F.3d 885, 892 (10th Cir. 2000).

The policy behind the law was to stop lawsuits filed for the purpose of chilling speech or protest. However, the Plaintiff in this matter filed the cease and desist letters asking for the Defendants to stop using their photographs without Adlife's permission. The Act is to protect against those plaintiffs who are motivated not by winning a lawsuit but by causing financial distress to defendants. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 33, 962 N.E.2d 418, 427. Here, there is no indication that Plaintiff's motivation behind filing their cease and desist letters was anything but to stop alleged illegal use of their photos and makeup for any lost license fees.

## Conclusion

For reasons stated herein, Plaintiff Adlife Marketing and Communications Company, Inc. Motion to Dismiss (ECF No. 26) is DENIED.

Entered this 21st day of December, 2017.

/s/ Michael M. Mihm

Michael M. Mihm
U.S. District Court Judge