IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COM-MUNICATIONS COMPANY, INC., a Rhode Island corporation,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>MULTI-AD SOLUTIONS, LLC, a Delaware limited liability company; YELLOW PAGES INTEGRATED MEDIA ASSOCIATION; a Delaware Corporation; KRASDALE FOODS, INC, a Delaware Corporation; ALPHA ONE MARKETING GROUP INC., a Delaware corporation; and DOES 1-100, inclusive,  )<br><br>Defendants.  ) | No. 1:17-cv-01418-MMM-JEH |

**ORDER**

This matter is now before the Court on Defendants Krasdale Foods, Inc. ("Krasdale") and Alpha 1 Marketing Group, Inc's ("Alpha 1") (collectively referred herein as "Defendants") Motion to Dismiss (ECF No. 18). For reasons stated herein, the Motion is GRANTED. The claims against Krasdale and Alpha 1 are DISMISSED WITHOUT PREJUDICE and Krasdale and Alpha 1 are TERMINATED as a parties to this proceeding.

**Background**

On September 14, 2017, Plaintiff Adlife Marketing and Communications Company, Inc. ("Plaintiff" or "Adlife") filed a Complaint against Defendants Multi-Ad Solutions, LLC, Yellow Pages Integrated Media Association, Krasdale, and Alpha 1. (ECF No. 1). Both Defendants Krasdale and Alpha 1 are Delaware corporations with their principal place of businesses in New York. Defendants Krasdale and Alpha 1 filed a Motion to Dismiss for Lack of Jurisdiction. (ECF

No. 19). In their Motion to Dismiss, the Defendants argue that this Court does not have personal jurisdiction over them because they have no jurisdictional ties to the state of Illinois. Attached as an exhibit to their Motion to Dismiss, Defendants included a declaration of the Chief Legal Officer of Krasdale, Howard Jacobs. (ECF No. 19-1). Defendants claim the only connection Adlife has as its connection with Illinois is a contract with the other Defendant Multi-Ad Solutions. Krasdale states that it has no connection to Illinois at all. Krasdale also argues that jurisdiction over it cannot be exercised by this Court based on the relationship between it and Alpha 1. Moreover, Krasdale also asserts that, even if this Court has jurisdiction over Alpha 1, it is not an alter ego of that corporation, but rather a distinct separate corporate entity. Plaintiff, in their response to the Motion to Dismiss, asked for Jurisdictional Discovery. (ECF 24). In Plaintiff's response they attached declarations made by Mathew Higbee, attorney for the Plaintiff. (ECF 24-1). Defendant submitted supplemental declaration to address the Plaintiff's assertions. (ECF No. 25.) On December 7, 2107, this Court held a hearing on the request for jurisdictional discovery. The hearing discussed Krasdale's connection to Illinois and the relationship between Krasdale and Alpha 1. The Court requested a declaration on details of Krasdale's connection to Illinois which was submitted on December 11, 2017. (ECF No. 31).

## Discussion

Customarily, "a complaint need not include facts alleging personal jurisdiction." *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 715 (7th Cir.1998). However, once challenged, the plaintiff has the burden of demonstrating the existence of jurisdiction. *See Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 939 (7th Cir.2000); *Steel Warehouse,* 154 F.3d at 715; *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir.1997). This Court is ruling on Defendants' Motion based on the submission of

written materials, and therefore, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir.2002); *see also Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal,* 859 F.2d 1302, 1306 n. 7 (7th Cir.1988); *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983) ("To determine whether exercising personal jurisdiction is proper, a court may receive and weigh affidavits prior to trial on the merits [citation omitted] [and] [d]uring this preliminary proceeding, although the burden of proof rests on the party asserting jurisdiction, if the district court's decision is based on the submission of written materials the burden of proof is met by a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute."). But this Court also notes that the Seventh Circuit has explained that "other circuits also tend to emphasize that, once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research foundation v. Sanofi-Synthelabo*, 338 F.3d 773, 783 (7th Cir. 2003). Accordingly, the Court analyzes the Motion to Dismiss with the understanding that Plaintiff must make out a *prima facie* case of personal jurisdiction with the Seventh Circuit's additional requirement that the Plaintiff submits affirmative evidence supporting the exercise of jurisdiction. Plaintiff has presented a prima facie case for personal jurisdiction alleging that Defendants' have the proper connections to this Court as well as providing supplemental declarations supporting their allegations.

## **Jurisdiction**

The inquiry into jurisdiction begins with the Illinois long-arm statute. The statute provides that a court in the state may exercise jurisdiction in any action arising from "the transaction of any business within the State of Illinois" or "the commission of a tortious act within this State." 735

ILCS 5/2-209. In addition to specific acts that convey personal jurisdiction, the long-arm statute provides that "a court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c).

Ultimately, to satisfy the due process concerns, this Court must determine whether the Defendants have sufficient "minimum contacts" with Illinois such that the maintenance of this suit 'does not offend the traditional notions of fair play and substantial justice." *Id.*; *Calder v. Jones*, 465 U.S. 783 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "While an out-of-state party's contract with an in-state party is not enough alone to establish the requisite minimum contacts, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" may indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002). The contacts with the forum state may be so "substantial" or "continuous and systematic" that the Court would have general jurisdiction over the defendants. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). There is no "bright line rule" for determining whether a defendant's business contacts with the forum are continuous and systematic. The standard is quite high; requiring a showing that the defendant is conducting business that is fairly permanent and continuous, and of such character and extent as to justify the inference that the defendant has subjected himself to the jurisdiction and laws of the forum. *Tamburo v. Dworkin*, No. 04 C 3317, 2007 WL 3046216, at 2 (N.D. Ill. Oct. 9, 2007).

Alternatively, specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the

4

Defendant's forum-related activities. However, minimum contacts alone are not sufficient to establish specific personal jurisdiction. The Supreme Court has emphasized not only the need for requisite minimum contacts with the forum state but also that the Plaintiff's claim against the defendant "arise out of or relate to" those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Just recently, the Supreme Court has reiterated that a state cannot claim jurisdiction over a case where non-resident plaintiffs make claims for harm that occurred outside of the state. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* 137 S. Ct. 1773, 1782, 198 L. Ed. 2d 395 (2017). See *World–Wide Volkswagen*, 100 S.Ct. 559. (1980).

      Krasdale is a "premier grocery distributer" headquartered in New York that provides services in the New York Metropolitan Area. (ECF No. 1). The declaration filed with the Motion to Dismiss made sweeping statements that within the past ten years Krasdale has not done business in Illinois or maintained any contacts within the state. (ECF 19-1). According to the declaration made by the Chief Financial Officer of Krasdale, Mr. Thomas Cunningham, Krasdale does not provide any grocery products to any person or entities in Illinois. (ECF No. 31). In addition, Mr. Cunningham declared that none of their third party vendors for perishable products are based in Illinois. (ECF No. 31). Lastly, he explained that Krasdale's dry groceries come from suppliers all over the country and there is no way for Krasdale to know where they are shipped from. (ECF No. 31).

      Alpha 1, also headquartered in New York, is a "full service merchandising and advertising firm" that provides services to grocery stores where Krasdale products are sold. (ECF No. 1). Plaintiff argues that the contract between Multi-Ad Solutions and Alpha 1 gives reason for this Court to have personal jurisdiction over Alpha 1 because the contracts "Jurisdiction and Venue" clause states that the agreement should be governed by Illinois law. (ECF No. 1 and 3). The Court

finds that this contract between Alpha 1 and the third party to be insufficient to meet the minimum contacts necessary for this court to have personal jurisdiction over the Defendant. This is the only connection to Illinois claimed by the Plaintiff. Alpha 1 denies any other connection to the state of Illinois in the declaration by Howard Jacobs. (ECF No. 19-1).

The Court finds that neither Krasdale nor Alpha 1 have sufficient contacts with the state of Illinois. There is no incident between Defendants, Krasdale and Alpha 1, and the Plaintiff, Adlife that arises or relates to contacts with the state of Illinois. Due to these facts, the Defendants would not anticipate to be "haled into court." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). Therefore, this Court finds that it does not have general nor specific jurisdiction over Defendants Krasdale and Alpha 1 and their Motion to Dismiss is GRANTED.

## **Conclusion**

For reasons stated herein, Defendant Kradale and Alpha 1's Motion to Dismiss (ECF No. 18) is GRANTED. The claims against Walker are DISMISSED WITHOUT PREJUDICE and Krasdale and Alpha 1 are TERMINATED as a party to this proceeding.

Entered this 21st day of December, 2017.

/s/ Michael M. Mihm

Michael M. Mihm
U.S. District Court Judge